**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

COTTRELL STEWART,                     :
                                      :    Civil Action No. 11-6501 (JBS)
            Plaintiff,        :
                                      :
            v.                :    **MEMORANDUM OPINION**
                                      :        **AND ORDER**
PAT MALLOY, et al.,           :
                                      :
            Defendants.       :


**APPEARANCES:**

Cottrell Stewart
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ  08102
     Plaintiff <u>pro</u> <u>se</u>


**SIMANDLE**, District Judge:

     Plaintiff Cottrell Stewart, a prisoner confined at Camden

County Correctional Facility at Camden, New Jersey, seeks to

bring this civil action <u>in</u> <u>forma</u> <u>pauperis</u>, without prepayment of

fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

     Civil actions brought <u>in</u> <u>forma</u> <u>pauperis</u> are governed by 28

U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L.

No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which

amends 28 U.S.C. § 1915, establishes certain financial

requirements for prisoners who are attempting to bring a civil

action or file an appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

     Under the PLRA, a prisoner seeking to bring a civil action

<u>in</u> <u>forma</u> <u>pauperis</u> must submit an affidavit, including a statement

of all assets, which states that the prisoner is unable to pay
the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit
a certified copy of his inmate trust fund account statement(s)
for the six-month period immediately preceding the filing of his
complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain
this certified statement from the appropriate official of each
prison at which he was or is confined.  Id.

   Even if the prisoner is granted in forma pauperis status,
the prisoner must pay the full amount of the $350 filing fee in
installments.  28 U.S.C. § 1915(b)(1).  In each month that the
amount in the prisoner's account exceeds $10.00, until the
$350.00 filing fee is paid, the agency having custody of the
prisoner shall assess, deduct from the prisoner's account, and
forward to the Clerk of the Court an installment payment equal to
20 % of the preceding month's income credited to the prisoner's
account.  28 U.S.C. § 1915(b)(2).

   Plaintiff may not have known when he submitted his complaint
that he must pay the filing fee, and that even if the full filing
fee, or any part of it, has been paid, the Court must dismiss the
case if it finds that the action: (1) is frivolous or malicious;
(2) fails to state a claim upon which relief may be granted; or
(3) seeks monetary relief against a defendant who is immune from
such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis
actions).  See also 28 U.S.C. § 1915A (dismissal of actions in

which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Here, Plaintiff submitted an outdated Application for leave to proceed in forma pauperis which refers to the former filing fee of $150 and which contains an authorization for assessments from Plaintiff's account until the $150 filing fee is paid.  As noted above, the filing fee is now $350.  The Application is otherwise complete.

It is not apparent to the Court, from the use of the outdated Application form, whether Petitioner will wish to proceed with this action at the cost of the $350 filing fee.

IT IS, therefore on this **23rd** day of **December**, **2011,**

3

ORDERED that, within 30 days from the date of entry of this Order, Plaintiff shall notify this Court in writing whether he wishes to proceed with this matter, in light of the fact that the filing fee is $350, or whether he wishes to withdraw the Complaint without assessment of a filing fee; and it is further

ORDERED that, if Plaintiff fails to so notify the Court, the Court will deny without prejudice the Application for leave to proceed in forma pauperis and will order this matter administratively terminated for failure to pay the filing fee.


**s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

4